Filed 6/21/24  In re R.M. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law. | B331424 (Los Angeles County Super. Ct. No. 21CCJP02844A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. RICHARD M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Craig S. Barnes, Judge.  Affirmed.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

In this juvenile dependency appeal, Richard M. (father) appeals the juvenile court's final custody order, which granted L.C. (mother) sole legal custody of their son, R.M. (son). Father argues the juvenile court abused its discretion in not ordering joint legal custody of son. Because father agreed to the juvenile court's custody order below, he cannot now challenge it on appeal. Accordingly, father forfeited this argument, and we affirm.

## BACKGROUND

### 1. First Appeal

This is father's second appeal from the underlying proceedings. In his first appeal, we held the appeal was moot and, in any event, his arguments as to dependency jurisdiction had no merit. (*In re R.M., Jr.* (Oct. 27, 2023, B325383 [nonpub opn.]) (first appeal).) Rather than repeat the facts of this case up to the point of father's first appeal, we incorporate by reference our opinion in B325383.

### 2. Events Since First Appeal

Because father stipulated to the custody order at issue, we provide only a brief summary of the facts and procedural history of the case since father's first appeal. Throughout the remainder of the proceedings below, the Los Angeles County Department of Children and Family Services (Department) struggled to obtain information from father regarding progress with his case plan.

2

Father believed the Department was "unlawfully keeping his son from him" and, therefore, refused to share information with the Department.  Son remained in mother's care throughout the remainder of the proceedings.  Son consistently indicated he did not want visits with father, and his visits with father remained suspended.

By April 2023, the Department recommended terminating jurisdiction with a family court order granting mother sole physical and legal custody of son.  Father's attorney indicated father wanted joint legal and joint physical custody of son.

In early June 2023, it was reported father had been arrested and had been in possession of a firearm despite earlier declaring he had relinquished all his firearms.  This revelation prompted mother to request a restraining order protecting her from father, which request the court granted.  On June 8, 2023, father retained private counsel to represent him in the proceedings going forward.

A pretrial conference was held June 28, 2023.  The Department's recommendation was that the court terminate jurisdiction, grant mother sole legal and sole physical custody of son, and continue its no-visitation order as to father.  Counsel for son joined in the Department's position.  Father's new attorney wanted the court either to allow for visitation with father or grant father joint custody.

On June 30, 2023, the court held a contested review hearing.  During a recess in the proceedings, father's new attorney reached an agreement with mother's counsel.  In announcing that an agreement had been reached, the juvenile court stated the parties had agreed to "a three-year restraining order . . . just covering mother" and "the parents would stipulate

3

to the Department's proposed JCO [(juvenile custody order)] which would have sole legal sole physical with mother." The court noted the only outstanding issue was whether father should be allowed monitored visits with son. There were no objections to the court's announcement, or description, of the parties' agreement.

After hearing argument on the visitation issue, the juvenile court made its final order. The court adopted the Department's recommendation, noting "father has stipulated to what the JCO would look like." The court concluded it would not change the existing visitation order, which was no visits between father and son. Nonetheless, the court believed father should be given the opportunity to repair his relationship with son and, if possible at some point in the future, demonstrate to the family law court any progress in addressing his anger management issues.

The juvenile court found continued supervision of son was no longer necessary and terminated its jurisdiction. The court stayed its order pending receipt of a juvenile custody order granting mother sole legal and sole physical custody of son. The court also ordered the juvenile custody order to provide father "with monitored visits in a therapeutic setting upon father's completion/demonstrated progress in services and confirmation of services made by the family law court." The court set a hearing date for its receipt of the contemplated juvenile custody order and explained counsel was not required to appear at that hearing unless counsel had "an objection to the language" of the juvenile custody order.

On July 5, 2023, the juvenile court received the juvenile custody order, which reflected the court's June 30, 2023 orders, including sole legal and physical custody of son to mother. No

4

appearances were made that day.  The court filed the custody order, released son to mother, and terminated jurisdiction.

A few weeks later, on July 25, 2023, father filed a notice of appeal, stating he was appealing "[f]indings and orders made up to and including findings and orders on June 30, 2023."  Father's notice of appeal did not mention the July 5, 2023, custody order.

## DISCUSSION

### 1.  Notice of Appeal

As an initial matter, we address the sufficiency of father's notice of appeal.  As father recognizes, his notice of appeal does not include the July 5, 2023 juvenile custody order, which father challenges on appeal.  Nonetheless, father argues it is reasonable to infer father meant to appeal the contents of the custody order and urges us to consider his challenge on appeal.  The Department counters father did not appeal the July 5 order and, therefore, his appeal of the earlier June 30 order is moot.  We conclude father's notice of appeal, although far from perfect, encompasses the challenged custody order.

"The notice of appeal must be liberally construed, and is sufficient if it identifies the particular judgment or order being appealed."  (Cal. Rules of Court, rule 8.405(a)(3).)  Here, as noted above, father appealed "[f]indings and orders made up to and including findings and orders on June 30, 2023."  Clearly, father appealed the juvenile court's June 30, 2023 order, in which the court stated, "Jurisdiction is terminated but stayed pending receipt of a juvenile custody order granting sole legal and sole physical custody to the mother."  The final juvenile custody order, filed a few days later on July 5, 2023, was the formalization and finalization of the court's June 30 orders and included the specific custody order father now challenges on appeal (i.e., sole legal

5

custody to mother).  Construing father's notice of appeal liberally, as we must, we conclude it encompasses the challenge father now makes on appeal.

## 2.    Forfeiture

Father argues the juvenile court abused its discretion when it granted mother sole legal custody of son.[1]  In response, the Department claims father waived this issue because he stipulated to the juvenile court's order granting sole legal custody to mother.  Father did not file a reply brief on appeal and, therefore, did not respond to the Department's position.  We agree with the Department and conclude father forfeited his challenge to the custody order.

"In dependency litigation, nonjurisdictional issues must be the subject of objection or appropriate motions in the juvenile court; otherwise those arguments have been waived and may not be raised for the first time on appeal." (*In re Christopher B.* (1996) 43 Cal.App.4th 551, 558.)  Although as noted above, father initially sought joint legal and joint physical custody of son, after father retained new counsel, his position changed.  At first father's new attorney also indicated father sought joint custody.  Later, however, his new attorney reached an agreement with mother's attorney, which included stipulating to the Department's proposed custody order of sole legal and sole physical custody to mother.  When the juvenile court announced and described the stipulated custody arrangement, neither father nor his attorney objected.  The court also told father's attorney she was not required to appear for the final July 5, 2023 hearing (when the court would receive and enter the juvenile custody

_____

[1] Father does not challenge the juvenile court's physical custody order.

6

order), unless she had any objection to the custody order. Neither father nor his attorney appeared at the July 5 hearing.

On the record before us, it is clear father stipulated to the order he now challenges on appeal—namely, sole legal custody of son to mother. In his opening brief on appeal, father refers only to the portion of the record below where he sought joint legal custody of son. He does not mention his later stipulation to the court's eventual final custody order granting mother sole legal custody. Accordingly, we conclude father has forfeited the argument he makes on appeal. (*In re Christopher B.*, *supra*, 43 Cal.App.4th at p. 558; *In re Richard K.* (1994) 25 Cal.App.4th 580, 590.)

## DISPOSITION

The juvenile court's July 5, 2023 order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

7